UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VILLEDA,<br><br>        Petitioner,<br><br>    v.<br><br>K. SEIBEL,<br><br>        Respondent. | No. SACV 15-2050-SJO (AGR)<br><br>ORDER TO SHOW CAUSE |

    On December 9, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, the Court orders Petitioner to show cause, on or before **_January 14, 2016_**, why this Court should not recommend dismissal without prejudice for failure to exhaust state remedies.

## I.
## EXHAUSTION

    The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. _Lindh v. Murphy_, 521 U.S. 320, 336 (1997).

    The AEDPA expressy provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the

applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that she described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364 (1995).

The Petition contains four ground for relief, but Petitioner admits that he has presented none of them to the California Supreme Court, either in a petition for further direct review or in a state habeas petition. (Petition ¶¶ 8(a)-(d), 10.) These admissions appear not to be mere drafting errors or other shortcomings that could be cured by amendment. The Court takes judicial notice that Petitioner did exhaust two *different* claims on direct review, namely insufficiency of the evidence and the trial court's abuse of discretion in refusing to "strike a strike." *See* opinion affirming in *People v. Villeda*, Cal. Ct. App. case no. G049883 (4th Dist. 2014), available at http://www.courts.ca.gov/opinions/nonpub/G049883.PDF; order denying further direct review in Cal. Supreme Ct. case no. S227784 (Aug. 18. 2015). Petitioner must exhaust his claims in the California Supreme Court before presenting them in federal court.

For these reasons, it appears that the Petition in this Court is completely unexhausted. A federal habeas petition that contains only unexhausted claims must be dismissed without prejudice for failure to exhaust state remedies. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## II.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **January 14, 2016**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice for failure to exhaust state remedies. If Petitioner contends that the exhaustion requirement has been met, Petitioner should attach a complete copy of her petition before the California Supreme Court, a complete copy of any decision by the California Supreme Court, and clearly explain how the exhaustion requirement has been met.

*If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the petition dismissed, without prejudice, for failure to exhaust Petitioner's claims.*

DATED: December 14, 2015

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge